IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| OVERLOOK MASONIC HEALTH | ) | **05-40008** |
| CENTER, INC., formerly named | ) | RECEIPT # _NA_ |
| Masonic Nursing Home, Inc., | ) | AMOUNT $_O_ |
| | ) | SUMMONS ISSUED____ |
| Defendant. | ) | LOCAL RULE 4.1_____ |
| | | WAIVER FORM_____ |
| | | MCF ISSUED_____ |
| | | BY DPTY. CLK._____ |
| | | DATE__1-14-05__ |

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United

States and through its undersigned attorneys, acting at the request of the Regional

Administrator of the United States Environmental Protection Agency ("EPA") for Region

I, files this Complaint and alleges as follows:

**NATURE OF ACTION**

1.    This is a civil action for penalties brought under Section 309 (d) of the

Clean Water Act  (the "Act"), 33 U.S.C. § 1319(d), against the Overlook Masonic Health

Center, Inc. ("Overlook Health"), formerly named Masonic Nursing Home, Inc.

("Masonic Home") (collectively, the "Defendant") for the violation of limitations and

conditions of a National Pollutant Discharge Elimination System ("NPDES") permit

which EPA issued to Defendant on September 30, 1996, pursuant to Section 402 of the

Act, 33 U.S.C. § 1342.  The Defendant has violated the Permit by discharging pollutants

into an unnamed tributary of the Quinebaug River in excess of effluent limitations established by the Permit, and has failed to properly report its discharges as required by the Permit, in violation of Section 301 of the Act, 33 U.S.C. § 1311.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345 and 1355. Notice of commencement of this action has been given to the Commonwealth of Massachusetts.

3.    Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), and Section 309(b) of the Act, 33 U.S.C. § 1319(b), because it is the judicial district in which the Defendant is located and in which the alleged violations occurred.

## THE DEFENDANT

4.    Defendant is a nonprofit corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of doing business at 88 Masonic Home Road, Charlton, Massachusetts.   Defendant is a "person" as defined by Section 502(5) of the Act, 33 U.S.C. § 1362(5).

## CLEAN WATER ACT STATUTORY REQUIREMENTS

5.    Section 301(a) of the Act, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" into navigable waters of the United States except in

compliance with that Section, and, where applicable, an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

6.    Section 402(a) of the Act, 33 U.S.C. § 1342(a), establishes the NPDES permit program and authorizes the Administrator of the EPA to issue NPDES permits for the discharge of pollutants into navigable waters of the United States, upon such specific terms and conditions as the Administrator determines are necessary to carry out the provisions of the Act.

7.    Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the Administrator to commence a civil action for appropriate relief when any person is in violation of, *inter alia*, Section 301 of the Act, 33 U.S.C. § 1311, or is in violation of any permit condition or limitation contained in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

8.    Section 309(d) of the Act, 33 U.S.C. § 1319(d), provides that any person who violates Section 301 of the Act, 33 U.S.C. § 1311, or violates any permit condition or limitation in an NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $25,000 per day for each violation which takes place on or before January 30, 1997, and not to exceed $27,500 per day for each violation which takes place between January 30, 1997, and March 14, 2004, and not to exceed $32,500 for violations occurring after March 15, 2004, in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461 note; Pub. L.

101- 410, enacted October 5, 1990; 104 Stat. 890), as amended by the Debt Collection

Improvement Act of 1996 (31 U.S.C. § 3701 note; Public Law 104-134, enacted April 26,

1996; 110 Stat. 1321).

## GENERAL ALLEGATIONS

9.     Defendant owns and operates a facility in Charlton, Massachusetts for rest

home care, skilled nursing care, and rehabilitation services.

10.     Defendant has owned and operated a wastewater treatment facility (the "On-

site WWTF") on its property in Charlton, Massachusetts, which received sanitary

wastewater from the Masonic Home's facility.  On information and belief, Masonic Home

consisted of a 69-unit bed rest facility and 100-unit nursing facility during the period of

violations described below.  Until July 8, 2003, the On-site WWTF handled approximately

22,000 gallons per day of sanitary sewage, which was treated in settling tanks, a dosing

chamber, sand filter beds, and a chlorine contact chamber, prior to the discharge of the

effluent to an unnamed tributary of the Quinebaug River.

11.     Pursuant to Section 402(a) of the Act, 33 U.S.C. § 1342(a), EPA issued

NPDES Permit Number MA0025178  to the Defendant on September 30, 1996.   At all

times relevant hereto, the Permit remained in effect.  See 40 C.F.R. § 122.6.

13.     At all times relevant hereto, the Permit authorized the Defendant to

discharge pollutants into the unnamed tributary of the Quinebaug River from the On-Site

WWTF, subject to certain limitations and conditions, including, *inter alia*, effluent

limitations and monitoring and reporting requirements. The Permit required that Defendant meet effluent limitations for biochemical oxygen demand ("BOD"), total suspended solids ("TSS"), pH, total residual chlorine ("TRC"), fecal coliform, total phosphorus, total ammonia nitrogen, and acute and chronic effluent toxicity. The Permit specified monitoring requirements, and required that the monitoring results were to be summarized and reported on monthly Discharge Monitoring Reports ("DMRs").

14.    Since at least 1992, inspectors from the Massachusetts Department of Environmental Protection (MA DEP) had noted operational problems at the Defendant's On-Site WWTF. The MA DEP advised Defendant of violations of the Permit (or Defendant's prior NPDES permit, effective from 1991 to 1996) which MADEP observed in inspections in 1992, 1994, and 1998. Starting in 1995, Masonic Home began to consider two options for managing its sanitary wastes -- either replacing and upgrading its obsolete On-Site WWTF, or constructing a sewer connection to the publicly-owned treatment works ("POTW") operated by the Town of Charlton, Massachusetts. Between 1995 and 2003, Masonic Home undertook an eight-year review of alternatives regarding how to address its sanitary wastewater treatment requirements, but did not upgrade the On-Site WWTF or mitigate the ongoing violations.

15.    On January 27, 2003, EPA and MA DEP inspected the On-Site WWTF and observed numerous violations of the Permit. On March 13, 2003, EPA issued a Finding of Violation and Order for Compliance (the "Administrative Order") pursuant to Sections

308 and 309(a)(3) of the Clean Water Act. The Administrative Order required Masonic Home to connect all of its existing sewer flow to the municipal POTW operated by the Town of Charlton, Massachusetts, and to terminate the direct discharge of pollutants from its On-Site WWTF to the tributary to the Quinebaug River by September 1, 2003.

16.    On information and belief, Defendant eliminated the discharge from the On-Site WWTF to the tributary of the Quinebaug River by October 2, 2003.

17.    From prior to 1998 through October 2003, the Defendant "discharged pollutants" from the On-Site WWTF into the tributary to the Quinebaug River, within the meaning of Sections 502(6) and (12) of the Act, 33 U.S.C. §§ 1362(6) and (12), through a "point source," within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14).

18.    The Quinebaug River flows to the Thames River, which is subject to the ebb and flow of the tide, and thence to Long Island Sound, a part of the Atlantic Ocean. All of these waters, including the unnamed tributary to the Quinebaug River, are "waters of the United States" as defined in 40 C.F.R. 122.2, and hence are "navigable waters" within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

## CLAIM FOR RELIEF

## COUNT I - EFFLUENT LIMITATION VIOLATIONS

19.    Paragraphs 1 through 18 are realleged and incorporated by reference herein.

20.    From at least October 1, 1998, to October 1, 2003, Defendant regularly discharged pollutants to an unnamed tributary of the Quinebaug River in excess of the

effluent limitations established in the Permit for biochemical oxygen demand ("BOD"),

total suspended solids ("TSS"),  total residual chlorine ("TRC"), fecal coliform, total

phosphorus, total ammonia nitrogen, and acute and chronic effluent toxicity.   According

to data reported by Defendant in its Discharge Monitoring Reports, during the 60-month

period from October 1998 to September 2003, Defendant violated the effluent limitations

for BOD in 47 months (or 78% of the months); the limitations for TSS in 47 months; the

limitations for fecal coliform in 9 months; the limitation for phosphorus in 23 months; the

limitation for total ammonia nitrogen in 32 months; the limitations for acute and chronic

toxicity in 12 months; and the limitations for TRC in 9 months.   Moreover, because of

reporting violations described in Count II below, Defendant had additional and/or more

significant violations of the limitations for TRC, BOD, TSS, phosphorous, ammonia

nitrogen, and fecal coliform.  By discharging pollutants in excess of the limitations

contained in the Permit, Defendant violated the terms and conditions of its NPDES permit

issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

## COUNT II - REPORTING VIOLATIONS

21.     Paragraphs 1 through 20 are realleged and incorporated by reference herein.

22.     From at least October 1, 1998, to January 2003, Defendant failed to use an

approved method for measuring Total Residual Chlorine, in violation of the terms and

conditions of its NPDES Permit.  The effluent limit specified in the Permit for TRC was

expressed in micrograms per liter, but Masonic Home measured the effluent in milligrams

per liter. Thus, Defendant under-reported the TRC results by a factor of 1,000 on its required Discharge Monitoring Reports, in violation of the terms and conditions of its permit.

23.    From 1998 to June 2003, Defendant miscalculated and misreported on its DMRs the monthly average and weekly average effluent monitoring results for BOD and TSS; the monthly average effluent monitoring results for phosphorus and ammonia nitrogen; and the geometric mean and daily maximum for fecal coliform. The correct calculations would have revealed additional and/or more significant violations of the effluent limitations for BOD, TSS, phosphorus, ammonia nitrogen, and fecal coliform.

24. In January 2003, Defendant monitored TSS, pH and TRC only five days per week, rather than daily as required by the Permit.

25. Defendant's failure to correctly sample and report its discharges of pollutants as required by the conditions of its Permit constitutes a violation of the terms and conditions of its NPDES permit issued pursuant to Section 402 of the Act, , 33 U.S.C. § 1342.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court enter judgment on behalf of the United States and against the Defendant Overlook Masonic Health Center, Inc. as follows:

A.    Assess civil penalties against Defendant pursuant to Section 309(b) of the

Act, 33 U.S.C. § 1319(b), of up to $25,000 per day for each day of violation that occurred

on or before January 30, 1997, and $27,500 per day for each day of violation that occurred

between January 30, 1997, and October 1, 2003, for each violation of the Permit and the

Act and the regulations promulgated thereunder;

B.    Award the United States its costs in the action; and

C.    Grant the United States such other relief as the Court deems appropriate.

For the United States of America,

CATHERINE McCABE
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

MICHAEL J. SULLIVAN
United States Attorney

By: _____
George B. Henderson, II
Assistant U.S. Attorney
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3272

OF COUNSEL:
Margery Adams
Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Boston, MA 02114

Dated:    January 14, 2005

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**05-40008**

**DEFENDANTS**

OVERLOOK MASONIC HEALTH CENTER, INC.,
formerly named Masonic Nursing Home,

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
George B. Henderson, II, AUSA
1 Courthouse Way - Suite 9200
Boston, MA  02210
(617) 748-3272

Attorneys (If Known)

Donald D. Cooper, Esq.
Nixon Peabody
100 Summer Street, Boston, MA  02110

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | DEF |  |  | DEF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1   ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2   ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3   ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X " in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Section 309(b) of the Clean Water Act, 33 U.S.C. Section 1319(d), et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE                              DOCKET NUMBER

DATE
01-14-2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

**05 - 40008**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ___USA v. Overlook Masonic Health Center, Inc., f/n/a Masonic Nursing Home, Inc.____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ___ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| _X_ | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. |
| ___ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ___ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ___ | V. | 150, 152, 153. |

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

YES ☐    NO **X**

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO **X**

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES **X**    NO ☐

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division ___    Central Division **X**    Western Division ☐

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO **X**

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___George B. Henderson, II, AUSA_____

ADDRESS __U.S. Attorney's Office, 1 Courthouse Way - Suite 9200, Boston, MA 02210_____

TELEPHONE NO. _(617) 748-3272_____

(Ct Category Sheet.wpd - 10/17/02)