IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| OVERLOOK MASONIC HEALTH | ) | **05-40008** |
| CENTER, INC., formerly named | ) | |
| Masonic Nursing Home, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO ENTER CONSENT DECREE**

The plaintiff United States of America submits this memorandum in support of its

motion to enter the Consent Decree filed on this date. For the reasons stated below, the

Consent Decree is fair, reasonable, and consistent with the goals of the federal Clean

Water Act, 33 U.S.C. §§ 1251 - 1387 (the "Act"), and therefore should be entered by the

Court.

BACKGROUND

The United States on this date has filed a Complaint against the defendant

Overlook Masonic Health Center, Inc., formerly named Masonic Nursing Home, Inc.

(collectively, "Masonic"), and simultaneously has filed a proposed Consent Decree that

would resolve all allegations of the Complaint. The Complaint alleges that from before

1998 through October 2, 2003, Masonic operated a waste water treatment facility that

treated sanitary sewage from Masonic's rest home and nursing facilities in Charlton,

Massachusetts, and discharged waste water to an unnamed tributary of the Quinebaug

River. A joint state and federal discharge permit, issued to Masonic pursuant to Section

402 of the Act, 33 U.S.C. § 1342, imposed limitations on the discharge of various types

of pollutants from the facility. The Complaint alleges that from at least 1998 through

approximately October 2, 2003, Masonic violated Section 301 of the Clean Water Act, 33

U.S.C. § 1311, by regularly discharging pollutants, including biochemical oxygen demand,

total suspended solids, pH, residual chlorine, fecal coliform, total phosphorus, total ammonia

nitrogen, and pollutants causing acute and chronic toxicity, from the Masonic waste water

treatment facility into the unnamed tributary of the Quinebaug River in excess of the

effluent limitations in the permit. On or about October 2, 2003, Masonic ceased

discharging waste water to the tributary of the Quinebaug River and commenced

discharging its waste water to the Town of Charlton municipal sewer system.

The proposed Consent Decree would settle the government's claims by requiring

Masonic to pay a civil penalty of $162,500. In the Consent Decree the defendant certifies

that its wastewater treatment facility has been rendered inoperable.

<u>ARGUMENT</u>

THE PROPOSED CONSENT DECREE IS FAIR, REASONABLE,
<u>AND CONSISTENT WITH THE GOALS OF THE CLEAN WATER ACT</u>

In determining whether to enter a proposed consent decree, the function of the

reviewing court is to satisfy itself that the consent decree is fair, reasonable, and faithful

to the objectives of the governing statute. <u>Durrett v. Housing Authority</u>, 896 F.2d 600,

604 (1st Cir. 1990); <u>FTC v. Standard Financial Management Corp.</u>, 830 F.2d 404, 408 (1st Cir. 1987); <u>Culbreath v. Dukakis</u>, 630 F.2d 15, 23 (1st Cir. 1980).  While the court should not "mechanistically rubberstamp" the parties' proposal, where the settlement has been negotiated by one or more government agencies, the court should not review the merits of the decree <u>de novo</u>.  <u>United States v. Davis</u>, 261 F.3d 1, 21 (1st Cir. 2001); <u>United States v. Cannons Engineering Corp.</u>, 899 F.2d 79, 84 (1st Cir. 1990).  In reviewing the validity of the proposed decree, "the district court must refrain from second-guessing the Executive Branch." <u>United States v. Cannons Engineering Corp.</u>, 899 F.2d at 84.

The United States submits that the proposed Consent Decree in this case is fair, reasonable, and consistent with the goals of the Clean Water Act.  The monetary penalty imposed by the decree serves to deter the defendant and other potential violators from violating the Clean Water Act in the future.  There is no need to impose injunctive relief in this case because the defendant has ceased its discharges to the tributary of the Quinebaug River and has further certified, in page 2 of the Consent Decree, that its waste water treatment facility has been rendered inoperable.

## CONCLUSION

For the foregoing reasons, the Court should enter the Consent Decree executed by

the parties in this case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
GEORGE B. HENDERSON, II
Assistant United States Attorney
1 Courthouse Way
John Joseph Moakley Courthouse
Boston, Massachusetts 02210
(617) 748-3272

January 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon
counsel for the defendant by mailing said copy, by first class mail, postage prepaid, to the
following counsel for the defendant on this date, January 14, 2005:

Donald D. Cooper, Esq.
Nixon Peabody
100 Summer Street
Boston, MA 02110

_____
George B. Henderson, II
Assistant U.S. Attorney

4