IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>OVERLOOK MASONIC HEALTH CENTER, INC., formerly named Masonic Nursing Home, Inc.,<br><br>Defendant. | CIVIL ACTION NO.<br><br>**05-40008** |

## CONSENT DECREE

WHEREAS, the plaintiff, United States of America, by the authority of the Attorney General of the United States and through its undersigned attorneys, on behalf of the United States Environmental Protection Agency ("EPA") for Region I, has filed a Complaint alleging that the defendant, Overlook Masonic Health Center, Inc. ("Overlook Health"), formerly named Masonic Nursing Home, Inc. ("Masonic Home") has violated Section 301 of the Clean Water Act ("the Act"), 33 U.S.C. § 1311; and

WHEREAS, Masonic Home, a nonprofit corporation organized under the laws of the Commonwealth of Massachusetts, owned and operated a wastewater treatment facility (the "Masonic WWTF") which received sanitary waste water from Masonic Home's nursing care facility at 88 Masonic Home Road, Charlton, Massachusetts; and

Overlook Health Consent Decree

WHEREAS, the Complaint alleges that from before 1998 through approximately October 2, 2003, Masonic Home, in violation of Section 301 of the Act, 33 U.S.C. § 1311, and in violation of the conditions of a permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342, regularly discharged pollutants from the Masonic WWTF into an unnamed tributary of the Quinebaug River in excess of the effluent limitations established in the National Pollutant Discharge Elimination System ("NPDES") permit issued to Masonic Home on September 30, 1996; that in particular, Masonic Home discharged pollutants in violation of the NPDES permit limitations for biochemical oxygen demand ("BOD"), total suspended solids ("TSS"), total residual chlorine ("TRC"), fecal coliform, total phosphorus, total ammonia nitrogen, and acute and chronic effluent toxicity; and that Masonic Home repeatedly failed to properly report its discharges as required by the NPDES permit; and

WHEREAS, on or about April 23, 2004, Masonic Home changed its name to Overlook Masonic Health Center, Inc.; and

WHEREAS, the Complaint seeks to require Overlook Health to pay civil penalties as provided in Section 309(d) of the Act, 33 U.S.C. § 1319(d); and

WHEREAS, Overlook Health hereby certifies that it has ceased all discharges from the Masonic WWTF and has rendered the WWTF inoperable; and

WHEREAS, Overlook Health neither admits nor denies the allegations of the Complaint and denies any liability therefore; and

WHEREAS, the parties agree, without adjudication or admission of facts or law, that settlement of this matter is in the public interest and that entry of this Consent Decree without further litigation is an appropriate resolution of the disputed claims alleged in the Complaint, and the parties consent to the entry of this Consent Decree; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against the Defendant in this case, and the Consent Decree adequately protects the public interest in accordance with the Act and all other applicable federal law;

NOW, THEREFORE, it is hereby ordered, adjudged, and decreed as follows:

## I. STATEMENT OF CLAIM

1. The Complaint filed in this action states claims upon which relief can be granted against Overlook Health pursuant to Section 309(b) and 309(d) of the Act, 33 U.S.C. §§ 1319(b) and 1319(d).

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action and over the parties to this Consent Decree pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue properly lies in this district pursuant to Section 309(b) of the Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because it is the judicial district in which Overlook Health is located and in which the alleged violations occurred.

## III. APPLICABILITY

4. The provisions of this Consent Decree shall apply to and be binding upon the United States on behalf of the EPA, and upon Overlook Health and its officers, directors, agents, employees acting in their official capacities, successors, and assigns. Overlook Health shall give notice and a true copy of this Consent Decree and all appendices to all persons, firms, and corporations acting in active concert or participation with Overlook Health related to the performance of the obligations set forth in this Consent Decree.

## IV. CIVIL PENALTY

5. Overlook Health shall pay a civil penalty of one hundred sixty-two thousand and five hundred dollars ($162,500) within fifteen (15) business days after receiving notice of the entry of this Consent Decree.

6. Overlook Health shall make payment by FedWire Electronic Funds Transfer ("EFT") to the Department of Justice account in accordance with current EFT procedures and in accordance with written instructions to be provided by the United States Attorney's Office. The payment shall reference USAO File Number 2003V00702, EPA Region I, and DOJ Case Number 90-5-1-1-08179. The costs of such electronic funds transfer shall be the responsibility of Overlook Health. Overlook Health shall send a copy of the electronic funds transfer authorization form, the electronic funds transfer transaction record, and the transmittal letter to the United States as specified in

Paragraph 8. Payment of the civil penalty shall be made within fifteen (15) days after Overlook Health receives notice of entry of the Consent Decree in accordance with Paragraph 8. If Overlook Health fails to tender payment within fifteen (15) days of receiving notice of entry of the Consent Decree, then Overlook Health shall pay a stipulated penalty of $500 per day for each day said payment is not made. The penalty specified in this paragraph shall represent civil penalties and shall not be deductible for purposes of Federal taxes. In addition, if Overlook Health fails to tender payment within fifteen (15) days of receiving notice of the entry of the Consent Decree, then Overlook Health shall pay interest on the late payment. Interest shall accrue on the debt to the United States from the date of the entry of the Consent Decree at the rate provided for in 28 U.S.C. § 1961.

## V. COMPLIANCE WITH CLEAN WATER ACT

7.  Overlook Health represents that it has ceased discharging pollutants into the unnamed tributary of the Quinebaug River. Overlook Health further agrees that it will comply with the CWA and any valid NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

## VI. SUBMISSIONS

8.  The transmittal letter required by Paragraph 6 of this Consent Decree shall be sent to the following respective addressees, unless written notice is given that another individual has been designated to receive the submissions:

<u>As to the Department of Justice</u>

Chief, Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611 - Ben Franklin Station
Washington, D.C. 20044-7611
Attn: Henry Friedman

<u>As to the United States Attorney</u>

George B. Henderson, II
Assistant United States Attorney
District of Massachusetts
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02110

<u>As to the EPA</u>

Chief, Water Technical Unit
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region I
One Congress Street, Suite 1100 – Mail Code SEW
Boston, Massachusetts 02114-2023
Attn: Linda Gray-Brolin

and

Chief, Legal Regulatory Unit
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region I
One Congress Street, Mail Code SEL
Boston, Massachusetts 02114-2023
Attn: Margery L. Adams

Any notice given by the United States or the EPA to the defendant under this Consent Decree shall be sent to the following addressees:

<u>As to Overlook Health</u>

David C. Turner
Chief Executive Officer
Overlook Masonic Health Center, Inc.
88 Masonic Home Road
P. O. Box 1000
Charlton, MA 01507-1000

and

Donald D. Cooper, Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

## VII. <u>NOT A PERMIT</u>

9. This Consent Decree is neither a permit nor a modification of existing permits under any federal, state, or local law and in no way relieves Overlook Health of its responsibilities to comply with all applicable federal, state, and local laws and regulations.

## VIII. <u>NON-WAIVER PROVISIONS</u>

10. This Consent Decree does not limit any rights or remedies available to the United States for any violation by Masonic Home or Overlook Health of the Act and associated regulations or permit conditions, except that this Consent Decree fully satisfies the civil judicial claims as alleged in the Complaint in this action through the date of lodging of this Consent Decree. This Consent Decree does not limit any rights or remedies available to the United States for any criminal violations. This Consent Decree

does not limit the standing of any person under Section 505 of the Act, 33 U.S.C. § 1365, to sue for any future violation of the Act not addressed by this Consent Decree. Plaintiff expressly reserves all rights and remedies, legal and equitable, available to it for all violations of the Act and other applicable laws where such violations are not alleged in the Complaint, and reserves all rights and remedies, legal and equitable, available to enforce the provisions of this Consent Decree. Overlook Health reserves any defenses or claims which it may have with respect to such federal rights and remedies.

## IX. COSTS

11. Each party shall bear its own costs and attorney's fees in this action. Overlook Health shall be responsible for any and all expenses of any nature whatsoever incurred by the United States in collecting any outstanding penalties due under this Consent Decree and in enforcing the requirements of this Consent Decree.

## X. TERMINATION

12. This Consent Decree will terminate when the Defendant has paid the civil penalty and any stipulated penalties and interest required by this Decree.

## XI. FINAL JUDGMENT

13. Entry of this Consent Decree constitutes Final Judgment under Rule 54 of the Federal Rules of Civil Procedure.

## XII. WAIVER OF SERVICE OF SUMMONS AND COMPLAINT

14. Overlook Health shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Overlook Health agrees to accept service of the Complaint by mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. Overlook Health shall notify the United States and the EPA as specified in Paragraph 8 of any change in the identity or address of Defendant, its agent for service, or its counsel.

## XIII. APPROVAL

15. If, for any reason, this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV. SIGNATORIES/SERVICE

16. Each undersigned representative of Overlook Health and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice represents that he or she is fully authorized to enter into the terms and

conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

Judgment is hereby entered in accordance with the foregoing Consent Decree this 20th day of January 2004.

_____
F. DENNIS SAYLOR
UNITED STATES DISTRICT JUDGE

The following parties hereby consent to the entry of this Consent Decree:

For Plaintiff, UNITED STATES OF AMERICA:

_____        12/21/04
CATHERINE McCABE                        Dated
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural
Resources Div.

_____        12/21/04
HENRY FRIEDMAN                          Dated
Environmental Enforcement Section
U.S. Department of Justice
1425 New York Ave., N.W.
Washington, D.C. 20530

MICHAEL J. SULLIVAN
United States Attorney
District of Massachusetts

By: _____   Dated: 1/05/05
George B. Henderson, II
Assistant United States Attorney
District of Massachusetts
John J. Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02110
(617) 748-3272


_____   12/10/04
STEPHEN PERKINS                     Dated
Director
Office of Environmental Stewardship, Region I
U.S. Environmental Protection Agency
One Congress Street
Boston, Massachusetts 02114-2023

OF COUNSEL:
Margery Adams
Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Boston, MA 02114

FOR DEFENDANT, Overlook Masonic Health Center, Inc., formerly named Masonic Nursing Home, Inc.:

_____      __1.10.05__
David C. Turner                             Date
Chief Executive Officer

The following is the name and address of Overlook Health's agent for service of process:

<u>Agent for Service</u>

Donald D. Cooper, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110